IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| THORNE RESEARCH, INC. and SOFTGEL FORMULATORS, INC., <br><br>                    Plaintiffs, <br> v. <br><br> ATLANTIC PRO-NUTRIENTS, INC. d/b/a/ XYMOGEN, <br><br>                    Defendant | MEMORANDUM DECISION AND ORDER ON PLAINTIFFS' MOTIONS FOR CLARIFICATION AND RECONSIDERATION <br><br><br> Case No. 2:13-CV-784 TS <br><br> District Judge Ted Stewart |

This matter is before the Court on Plaintiffs' Motions for Clarification and Reconsideration of the Court's oral ruling and minute entry on September 21, 2015. These rulings effectively modified the Court's Scheduling Order and were made after hearing argument on the parties Motions to Determine *Markman* Issues.

## I.  BACKGROUND

The Court's Scheduling Order in this case gave Defendant until December 19, 2014, to file a dispositive motion on patent validity. On March 13, 2015, Defendant filed a Motion to Amend the Scheduling Order which sought, among other things, to extend the deadline to file a motion for summary judgment on patent invalidity to June 12, 2015. On March 16, 2015, the Motion was referred to a Magistrate Judge who, as of the September 21st *Markman* Hearing, had not taken action on it.

After the *Markman* hearing, Defendant asked the Court to address a scheduling issue and requested that expert discovery be stayed while Defendant filed a motion for summary judgment

on patent invalidity. Plaintiffs' counsel informed the Court that Plaintiffs opposed Defendant's

effort to file a motion for summary judgment on patent invalidity due to Defendant's failure to

comply with the Scheduling Order. Neither party informed the Court of the Motion pending

before the Magistrate Judge. The Court, now having considered the briefing and arguments

presented by both parties, including the briefing originally submitted to the Magistrate Judge,

takes this opportunity to clarify its reasoning for its prior ruling, but denies Plaintiffs' request to

reconsider that ruling.

## II.  DISCUSSION

Under Federal Rule of Civil Procedure 16(b)(4), a scheduling order "may be modified

only for good cause and with the judge's consent." "[D]istrict courts are given wide latitude in

this area, [and are reversed] only for an abuse of discretion."[1] Plaintiffs argue that Defendant has

not shown good cause for its three month delay. Defendant argues that it only recently

discovered evidence sufficient to support a motion for summary judgment on patent invalidity.

"Rule 16 was not intended to function as an inflexible straightjacket on the conduct of

litigation."[2] Courts need to "to control the disposition of the causes on its docket with economy

of time and effort for itself, for counsel and for litigants."[3] This is why "[t]he district court is

given broad discretion in supervising the pretrial phase of litigation[.]"[4] For the sake of judicial

economy, as well efficient resolution of this case for both litigants, the Court finds that good

---

[1] *Summers v. Mo. Pac. R.R. Sys.*, 132 F.3d 599, 604 (10th Cir. 1997).

[2] *Bylin v. Billings*, 568 F.3d 1224, 1232 (10th Cir. 2009) (quoting *Morton Int'l, Inc. v. A.E. Staley Mfg. Co.*, 343 F.3d 669, 684 (3d Cir. 2003)) (internal quotation marks omitted).

[3] *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).

[4] *Bylin*, 568 F.3d at 1231 (quoting *United States v. Dang*, 488 F.3d 1135, 1143 (9th Cir. 2007)) (internal quotation marks omitted).

cause exists to first address this claim on summary judgment.  Therefore, the Court will permit

the Defendant to file a motion of summary judgment on patent invalidity.

## III.  CONCLUSION

It is therefore

ORDERED that Plaintiff's Motion for Clarification (Docket No. 90) is GRANTED.  It is

further

ORDERED that Plaintiff's Motion for Reconsideration (Docket No. 101) is DENIED.

DATED this 9th day of November, 2015.

BY THE COURT:

Ted Stewart
United States District Judge