KRISTINE E. JOHNSON (7190)
JULIETTE P. WHITE (9616)
PARSONS BEHLE & LATIMER
201 South Main Street, Suite 1800
Salt Lake City, Utah 84111
Telephone: 801.532.1234
Facsimile: 801.536.6111
ecf@parsonbehle.com
*Attorneys for Plaintiffs*

**IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| THORNE RESEARCH, INC. and SOFTGEL FORMULATORS, INC., <br><br> Plaintiffs, <br><br> vs. <br><br> XYMOGEN, INC. <br><br> Defendant. | **PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION FOR LEAVE TO AMEND OR SUPPLEMENT INVALIDITY CONTENTIONS** <br><br> Case No. 2:13-cv-00784 <br><br> Judge Ted Stewart <br><br> Magistrate Judge Paul M. Warner |

Plaintiffs Thorne Research, Inc. ("Thorne") and Softgel Formulators, Inc. ("SFI"), (collectively "Plaintiffs") hereby files this Opposition to Defendant's Motion for Leave to Amend or Supplement Invalidity Contentions.

# INTRODUCTION

Xymogen, Inc. ("Xymogen")'s Motion does not even approach the standard for amendment because Xymogen cannot dispute the critical fact that it has been aware of the basis for the requested amendment for *at least one year* – since January/February 2015 – but has made no effort either to serve Final Invalidity Contentions (which were due in December 2014), or to amend its Preliminary Invalidity Contentions until now. Nor does Xymogen offer any reasonable explanation for its dilatory conduct. This type of unexplained delay is directly contrary to the purpose of both Fed.R.Civ.P. 16 and, more importantly, L.P.R. 3.4, which requires a party seeking leave to amend its contentions do so within 14 days of learning the basis for the amendment. Xymogen's refusal to comply with the dictates of the Federal Rules of Civil Procedure and Local Patent Rules cannot be excused.

# DISCUSSION

### I. XYMOGEN HAS FAILED TO SHOW GOOD CAUSE FOR AMENDMENT OF THE SCHEDULING ORDER SO AS TO ALLOW XYMOGEN TO SERVE AMENDED CONTENTIONS OVER ONE YEAR PAST THE DEADLINE.

A. **Xymogen Has Not Been Diligent in Serving Final Contentions, or in Moving to Amend Its Preliminary Contentions**.

Xymogen does not and cannot dispute that the deadline for service of Final Unenforceability and Invalidity Contentions passed over one year ago, on November 26, 2014. Nor does Xymogen dispute that it failed to serve Final Contentions (Xymogen Mot. at 3); accordingly, there is nothing to "amend." And, even if Xymogen *had* served Final Contentions, L.P.R. 3.4 provides that "[a] party may amend its Final [Contentions] only by Order of the court upon a showing of good cause and absence of unfair prejudice to opposing parties, made no later

than fourteen (14) days of the discovery of the basis for the amendment." Here, there is no scenario under which Xymogen could meet this standard.

 1. Having Never Served Final Contentions, Xymogen Cannot Now "Amend" Those Contentions Under L.P.R. 3.4.

Because Xymogen did not serve Final Contentions, it is not in fact seeking "leave to amend" such Final Contentions, as contemplated by Rule 3.4. Instead, Xymogen is asking the Court to excuse its failure to comply with its obligations under the Scheduling Order and amend that Order so that Xymogen could serve Final Contentions. For that reason, Xymogen must not only show "good cause and the absence of unfair prejudice" under L.P.R. 3.4, it must also show "excusable neglect" under Fed. R. Civ. P. 6(b)(1)(B) because it seeks to extend a deadline that has already expired. *Johnson v. City of Murray*, 2:10-cv-01130-TS-EJF, 2012 WL 5194025, at *2 (D. Utah Oct. 19, 2012) (when defendants sought to amend their answer after the deadline for doing so had passed, the court noted that "this Court must first determine whether [defendants] can show excusable neglect under Rule 6(b)(1)(B)"). This determination requires, among other things, inquiry into whether the movant had "control over the circumstances of the delay." *See Stringfellow v. Brown*, 95-7145, 1997 WL 8856, at *1 (10th Cir. Jan. 10, 1997) ("Control over the circumstances of the delay is 'the most important single factor in determining whether neglect is excusable.'") (quoting *City of Chanute v. Williams Nat. Gas Co.*, 31 F.3d 1041, 1046 (10th Cir. 1994) (alterations omitted)).

This Xymogen cannot do. The information upon which it bases its need for amendment, consisting primarily of the deposition testimony of Trevor Jones and Robin Koon, has been known to Xymogen for at least one year, since January/February 2015. Xymogen Mot. at 5. Despite being fully aware of this information, Xymogen made no effort to seek to extend the

3

already-expired deadline for service of Final Contentions.[1] Given this unexcused and unexplained delay, Xymogen has not and cannot show excusable neglect.[2]

2. Xymogen Has Not Complied with the "Good Cause" Standard Under L.P.R. 3.4 in Any Event.

Even if Xymogen had complied with the Local Patent Rules and served Final Contentions (which presumably could now be amended), or if its Preliminary Contentions were deemed "Final," its Motion must be denied for similar reasons. Having acknowledged that the depositions of Trevor Jones and Robin Koon proceeded on January 21 and February 12, 2015 (Xymogen Mot. at 5), Xymogen then goes on to claim that those depositions provided the basis for allegations of incorrect inventorship, on-sale bar, and best mode. *Id*. at 5-6. However, Xymogen was aware long before the Jones and Koon depositions of the alleged factual basis for

---

[1] Indeed, Xymogen acknowledged as late as September 25, 2015, that "it is undisputed that Xymogen's initial invalidity contentions will serve as its final contentions, with the exception of the late-discovered on sale bar violation." Dkt. # 97. At that time, Xymogen had long since completed the depositions of Mr. Koon and Mr. Jones; yet, despite its reference to the alleged "on-sale bar violation" made no effort to seek leave at that time to serve Final Contentions incorporating that information, or any other information from those depositions.

[2] Xymogen's failure to comply with the Scheduling Order *vis a vis* Final Contentions means that it must also show "good cause" under Fed. R. Civ. P. 16(b)(4) because it seeks to amend a scheduling order. *See, e.g., Gorsuch, Ltd. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014); *Stevenson v. Salt Lake County*, 2:12-cv-44-PMW, 2014 WL 1819660, at *2 (D. Utah, May 7, 2014). Good cause under rule 16(b)(4) requires the moving party to demonstrate that it has been "diligent in attempting to meet the deadlines." *Stevenson*, at *2 (quoting *Strope v. Collins,* 315 Fed App'x 57, 61 (10th Cir. 2009)). This means "it must provide an adequate explanation for any delay." *Id.* "In practice, this standard requires the movant to show the 'scheduling deadlines cannot be met despite [the movant's] diligent efforts.'" *Gorsuch* (citing *Pumpco, Inc. v. Schenker Int'l, Inc.*, 204 F.R.D. 667, 668 (D. Colo. 2001) (alteration original); *see also*, *e.g.*, *Leary v. Daeschner*, 349 F.3d 888, 906 (6th Cir. 2003). "'If [the movant] was not diligent, the inquiry should end' and the motion should be denied." *Birch v. Polaris Indus. Inc.*, 2:13-cv-00633-DBP, 2015 WL 1280051 at *3, (D. Utah Mar. 19, 2015) (quoting *Johnson v. Masmoth Recreations, Inc.,* 975 F.2d 604, 609 (9th Cir. 1992)). As set forth below, Xymogen has failed to meet the "good cause" standard under Rule 16 or L.R.P. 3.4.

those claims.  *See* Dkt. # 45 at 4-7 (explaining that Xymogen has maintained since at least June 9, 2014 that the patent in suit was invalid because the named inventors were not the correct inventors, and that Mr. Rumolo was, as supported Xymogen's initial Invalidity Contentions, and that Xymogen similarly was aware of the basis of its purported on sale bar defense since at least February 2014, when documents regarding the discussion of possible sales to a third party in 2003 of products containing CoQ10 were produced).

By its own acknowledgment (and setting aside the fact that it was aware of the basis of its claims well before the depositions), Xymogen took the Koon and Jones depositions one year ago. Yet, Xymogen elected to wait almost a year to seek leave from this Court to amend its preliminary contentions.  This undisputed fact in and of itself requires denial of the Motion. Indeed, as the Federal Circuit Court of Appeals recognized in *O2 Micro Intern. Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1366-67 (Fed. Cir. 2006), "[i]f the parties were not required to amend their contentions promptly after discovering new information, the contentions requirement would be virtually meaningless."  467 F.3d 1355, 1366-67 (Fed. Cir. 2006).  The court went on to find a lack of diligence warranting amendment of the movant's infringement contentions under local patent rules, given its three-month delay between learning new information in discovery and filing its motion to amend, and the lack of an adequate explanation for that delay).

Similarly, in *Nautilus Neurosciences*, 2013 WL 7901901, Case No. 11-1997 (D. New Jersey, Jan. 23, 2013), the court noted that "motions to amend invalidity contentions are not granted as liberally as motions to amend pleadings outside of the patent litigation context, partly because 'the philosophy behind amending claim charts is decidedly conservative and designed to

5
4841-0471-0956.v1

prevent the 'shifting sands' approach' to a party's contentions." *Id*. at * 2 (citation omitted). In that case, the court denied a motion to amend invalidity contentions to incorporate four prior art references where the movant became aware of "these new theories" by March 2012, but did not apply for leave to amend until six months later. *Id*. at * 2, 3. In so doing, the court rejected Defendants' argument that they were "diligent" in searching for prior art, since they could not explain the six-month delay. *Id*. *See also Par Pharmaceutical, Inc. v. Takeda Pharm. Co., Ltd.*, 2014 WL 3704819, Case No. 5:13-01927 (N.D. Cal., July 23, 2014) (denying motion to amend invalidity contentions five additional prior art references and section 112 references where defendants could not explain four month delay in seeking leave); *Peerless Indus., Inc. v. Crimson AV, LLC*, 11-C-1768, 2013 WL 6197096, at *5 (N.D. Ill. Nov. 27, 2013) (refusing to allow a party to amend its final invalidity contentions to add on-sale bar defense or inventorship defense when local rules were not followed).[3]

---

[3] For this reason, the cases cited by Xymogen, all of which involve relatively brief, explained delays (or virtually no delay) are inapposite. Xymogen Mot. at 6. *Prism Tech., LLC v. AT & T Mobility, LLC*, 2014 WL 656794, Civil No. 8:12CV:122 at * 1 (D. Neb., Feb. 19, 2014) ("good cause" to supplement contentions existed where AT & T sought materials in third-party discovery to prove their position, such materials were produced in mid-December 2013 and AT & T notified opposing counsel of the proposed supplemental materials approximately one month later); *Oleksy v. Gen. Elec. Co.*, 2013 WL 39944174 at * 2, Civil No. 06C1245 (N.D. Ill., July 31, 2013) (granting in part motion to amend final invalidity contentions to add an anticipation defense where GE filed motion a month and a half after "it allegedly discovered the facts that would support this invalidity contention"); *Celgene Corp. v. Natco Pharma Ltd.*, 2015 WL 4138962 at * 3, Civil No. 10-5197 (D.N.J., July 9, 2015 (under local rule which merely required "timely" application to the court, filing of motion to amend 23 days after claim construction was held timely, particularly in light of rules as a whole, and good cause existed where court adopted claim construction different from that proposed by either party); *Radware Ltd. v. F5 Networks, Inc.*, 2014 WL 3728482 at * 2, Civil No. C-13-2024 (N.D. Cal., July 28, 2014) (motion for leave to amend infringement contentions granted in part where proposed amendment related directly to source code identified in interrogatory response, and 3 month delay in filing motion was

4841-0471-0956.v1

It appears that Xymogen has confused diligently pursuing *discovery* with diligently seeking *leave to amend*. Xymogen Mot. at 5-6. Even assuming that Xymogen diligently pursued discovery from Mr. Jones and Mr. Koon, that is not enough. Xymogen should have promptly moved at that time to amend its contentions—not twelve months later. Xymogen has offered no excuse for its failure to do so.

Nor can Xymogen take refuge in the Court's Claim Construction Order. First, Xymogen asserts that the Court's construction of "non-crystalline" renders the product shipped in 2002-2003 covered by the on-sale bar. Xymogen Mot. at 7-8. However, Xymogen expressly acknowledges that this was one of the "theories of invalidity" that it first identified in early 2015. *Id*. at 6. If this were the case, that theory is not dependent upon the Court's claim construction, and there was no reason for Xymogen to delay for a year in seeking to amend. Moreover, Xymogen fails to present anything more than conclusory assertions to support its argument that the Claim Construction Order now provides a basis for its claims—a particularly troubling omission given that the Court's construction is not the one preferred by Xymogen, which begs the question of why Xymogen would seek a construction that would prevent it from asserting additional theories of invalidity. Ultimately, by waiting until after claim construction is complete to seek leave to amend, Xymogen is trying to unfairly prejudice Plaintiffs by introducing a new theory that Plaintiffs should have been allowed to consider as part of the claim construction process.

---

excusable where movant waited until after claim construction, and case schedule provided for such amendments after claim construction).

4841-0471-0956.v1

Second, *even if* the Court's Order provided some basis for an invalidity defense that previously did not exist, amendment is precluded because L.P.R. 3.4 expressly provides for that event--but again Xymogen failed to comply with the Rule. The claim construction Order issued on October 8, 2015, almost three months before Xymogen filed the instant motion. *See* Dkt. # 106, Memorandum Decision and Order on Claim Construction. Yet, Xymogen did not contact counsel for Plaintiffs with their request to amend until November 4, 2015, almost one month later and well past the 14 days permitted by L.P.R. 3.4. Declaration of Kristine E. Johnson, ¶ 2. In that call, counsel for Plaintiffs inquired as to whether Xymogen would be willing to provide a copy or other information regarding the substance of the proposed amendment. *Id*., ¶ 2. Over one month later, on December 10, 2015, counsel for Xymogen again contacted counsel for Plaintiffs and indicated that it would consider providing such information, but in order to avoid unnecessary delay would do so only in the event that Plaintiffs were willing to seriously consider the request, such as, for example, if Plaintiffs wished to amend their own contentions. *Id*., ¶ 3. Four days later, on December 14, counsel for Plaintiffs advised Xymogen that Plaintiffs were not interested in doing so.

Accordingly, Xymogen's suggestion that its delay well beyond the 14 days allowed by L.P.R. 3.4 to seek leave to amend were due to its efforts to seek a stipulation (Xymogen Mot. at 8) are simply wrong. Xymogen has set forth no justification or explanation whatsoever for its violation of that Rule. Amendment under L.P.R. 3.4 is inappropriate and should not be permitted.

8
4841-0471-0956.v1

### B. Plaintiffs Will Be Prejudiced if Xymogen Is Allowed to Amend its Preliminary Contentions.

Xymogen's unexplained disregard of the requirements of Rule 16, this Court's Scheduling Order and the Local Patent Rules require denial of its Motion. However, even aside from those express violations, Xymogen's suggestion that Plaintiffs would not be prejudiced by amendment because a trial date has not yet been set is wrong. Xymogen served its initial Invalidity Contentions over eighteen months ago, and has made no effort to change or amend those contentions. Fact discovery has now closed, as has claim construction. The deadlines for summary judgment briefly will arise shortly. Plaintiffs have relied upon, and were entitled to rely upon, the contentions served by Xymogen in the summer of 2014, particularly when Xymogen made no effort to amend after the close of fact discovery. Plaintiffs made many strategic decisions in this case, including which depositions to notice, based on the preliminary invalidity contentions served by Xymogen, and will likely require additional discovery if Xymogen is allowed to amend its invalidity contentions, which will add significant expense and delay to the case. Plaintiffs should not be required to bear the burden of Xymogen's delay by taking on the expenditure and effort that will be associated with investigating and responding to those allegations. As the *O2 Micro* court recognized, such a result would lend the contention requirements meaningless.

### CONCLUSION

As Xymogen notes in its opening brief, the purpose of invalidity contentions "is to prevent unfair surprise—to lay each party's cards on the table" (Mot. at 10) so that the case may proceed in an orderly and predictable manner. Allowing Xymogen to knowingly withhold its

request for leave to amend its invalidity contentions for over a year—long after the close of discovery and even after claim construction—would run afoul of this fundamental premise. Similarly inappropriate is accusing Plaintiffs of attempting to gain tactical advantage when they are simply insisting that Xymogen adhere to the Rules of this Court. For the foregoing reasons, Xymogen's motion should be denied in its entirety. Furthermore, given the time and expense imposed upon Plaintiffs in having to respond to this untimely motion, Plaintiffs seek a commensurate award of fees.

DATED this 20th day of January, 2016.

PARSONS BEHLE & LATIMER

/s/ *Kristine E. Johnson*
KRISTINE E. JOHNSON
JULIETTE P. WHITE
*Attorneys for Plaintiffs*

CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on the 20th day of January, 2016, I filed the foregoing document via ECF, which provided notice to all counsel of record.

>*/s/ Kristine E. Johnson*
>Kristine E. Johnson

11
4841-0471-0956.v1