IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| THORNE RESEARCH, INC. and SOFTGEL FORMULATORS, INC., <br><br> Plaintiffs, <br> v. <br><br> ATLANTIC PRO-NUTRIENTS, INC. d/b/a/ XYMOGEN, <br><br> Defendant. | MEMORANDUM DECISION AND ORDER ON PLAINTIFFS' MOTION FOR CLARIFICATION <br><br><br> Case No. 2:13-CV-784 TS <br><br> District Judge Ted Stewart |

This matter is before the Court on Plaintiffs' Motion for Clarification of the Court's Minute Entry on September 21, 2015. For the reasons discussed below, the Motion is granted in part and denied in part.

I.  BACKGROUND

After the *Markman* hearing on the parties' Cross Motions for Claim Construction on September 21, 2015, counsel for Defendant requested that the Court stay expert discovery until the parties obtained a ruling on summary judgment, thus potentially sparing all parties great expense. The Court granted this request. The Minute Entry (Docket No. 91) entered on September 21, 2015 summarized this ruling: "Discovery will be stayed pending ruling on any motions for summary judgment filed." Fact discovery had closed on June 12, 2015,[1] and was not before the Court at the hearing. On November 20, 2015, Plaintiffs filed a Motion to Compel in the United States District Court for the District of Arizona to enforce a Subpoena Duces Tecum issued to third-party, National Vitamin, Inc., that was served before the close of fact

---

[1] Docket No. 28, at 2.

1

discovery. National Vitamin argued to the Arizona court that all discovery was stayed by this Court's Minute Entry and therefore it was not required to comply with the subpoena. The Arizona court accepted this argument and denied the Motion to Compel without prejudice until the stay on discovery was lifted. Plaintiffs argue that only expert discovery was stayed, and request "clarification/modification of the Minute Entry of September 21, 2015."[2]

## II.  DISCUSSION

The Court's Minute Entry at issue (Docket No. 91) is a brief summary for the convenience of the Court and parties to memorialize what transpired at the *Markman* hearing. The Minute Entry is not the Court's ruling. The hearing transcript (Docket No. 98), which contains the record of the proceedings before the Court, is the only official record of the Court's ruling. For this reason, to the extent that Plaintiffs seek revision of the Minute Order, the Court denies this request. However, to the extent that Plaintiffs seek clarification of the discovery stay imposed by the Court, the Court grants Plaintiffs' Motion for Clarification.

After the claim construction hearing, counsel for defendant requested that the parties "see if we can dispose of this without going into all the expense of expert discovery."[3] Plaintiffs' counsel agreed that "the parties shouldn't be undergoing the expense of experts."[4] After discussing issues about summary judgment, counsel for Defendant specifically asked the Court, "[C]ould we stay expert discovery until there's a ruling on summary judgment?" The Court answered, "Yes."[5] Accordingly, as stated in the hearing transcript, the Court has only stayed expert discovery in this case. No issues related to fact discovery were before the Court and

---

[2] Docket No. 130, at 5.
[3] Docket No. 98, at 40.
[4] *Id.* at 41.
[5] *Id.* at 41–42.

therefore, the Court expresses no opinion on the timeliness or merits of Plaintiffs' Motion to Compel.

## III.  CONCLUSION

It is therefore

ORDERED that Plaintiffs' Motion for Clarification (Docket No. 130) is GRANTED in part and DENIED in part.

DATED this 29th day of February, 2016.

BY THE COURT:

_____
United States District Judge
Ted Stewart