IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| THORNE RESEARCH, INC. and SOFTGET FORMULATORS, INC., <br><br>Plaintiffs, <br><br>v. <br><br>ATLANTIC PRO-NUTRIENTS, INC. d/b/a XYMOGEN, <br><br>Defendant. | MEMORANDUM DECISION AND ORDER SUSTAINING PLAINTIFFS' OBJECTION TO THE DECLARATION OF GLENN D. PRESTWICH <br><br><br>Case No. 2:13-CV-784 TS <br><br>District Judge Ted Stewart |

This matter is before the Court on Plaintiffs' Objection to the Declaration of Glenn D. Prestwich. For the reasons set forth below, the Court will sustain the objection and disregard the declaration.

I.  BACKGROUND

On September 26, 2016, the Court modified deadlines to permit the parties to engage in limited expert discovery on the issue of crystallinity prior to the Court's decision on Plaintiffs' Motion for Partial Summary Judgment. Thorne designated an expert, produced an expert report, and made its expert available for deposition. On September 26, 2016, The Court modified deadlines to permit the parties to engage in limited expert discovery on the issue of crystallinity prior to the Court's decision on Plaintiffs' Motion for Partial Summary Judgment. Thorne designated an expert, produced an expert report, and made its expert available for deposition.

On September 26, 2016, The Court modified deadlines to permit the parties to engage in limited expert discovery on the issue of crystallinity prior to the Court's decision on Plaintiffs'

Motion for Partial Summary Judgment.  Thorne designated an expert, produced an expert report, and made its expert available for deposition.  The parties then exchanged supplemental briefing on the issues of crystallinity and carrier oil.  In Xymogen's Response to Thorne's Supplemental Memorandum, Xymogen attached a declaration from a new expert on the issue of crystallinity.  Thorne objects to Xymogen's citation to new expert testimony as untimely.  Due to the expedited briefing ordered by the Court, Xymogen's filing was equivalent to a Reply brief.  Thorne had no opportunity to address the new evidence.

## II.  DISCUSSION

Tenth Circuit case law "forbids the district court from relying on new arguments or materials to decide a summary judgment motion unless the opposing party is provided an opportunity to respond."[1]  In addition, DUCivR 56-1(d) provides that in a reply brief, "no additional evidence may be cited . . . , and if cited, the court will disregard it" unless it is evidence to rebut a claim that a material fact is in dispute.  The new evidence cited by Xymogen does not rebut any claim that a material fact is in dispute.  Xymogen has been aware of the arguments regarding crystallinity as well as Thorne's microscopy analyses for at least six months.

In its September 26, 2016 Order, the Court emphasized the importance of complying with the Federal Rules of Civil Procedure, including designating an expert, producing an expert

---

[1] *Geddes v. United Staffing All. Emp. Med. Plan*, 469 F.3d 919, 928 (10th Cir. 2006); *see also Nat'l Presto Indus. v. W. Bend Co.*, 76 F.3d 1185, 1188 (Fed. Cir. 1996) (stating that summary judgment is appropriate provided that an adversely affected party has an "adequate opportunity to respond"), *AM Gen., LLC v. United States*, 115 Fed. Cl. 653, 667 (Fed. Cl. 2014) (citing Federal Circuit law and declining to consider arguments to which the opposing party had no opportunity to respond in writing).

report, and making the expert available for deposition.  Xymogen did not take those steps and failed to petition the Court for additional time to do so.  Therefore, the Court will disregard Xymogen's citation to new evidence in deciding Plaintiffs' Motion for Summary Judgment.

### III. CONCLUSION

It is therefore

ORDERED that Plaintiffs' Objection to the Declaration of Glenn D. Prestwich (Docket No. 192) is SUSTAINED.

DATED this 30th day of January, 2017.

BY THE COURT:

_____
Ted Stewart
United States District Judge