KRISTINE E. JOHNSON (7190)
JULIETTE P. WHITE (9616)
JAMIE ELLSWORTH (admitted *pro hac vice*)
PARSONS BEHLE & LATIMER
201 South Main Street, Suite 1800
Salt Lake City, UT 84111
Telephone:  801.532.1234
Facsimile: 801.536.6111
ecf@parsonbehle.com
*Attorneys for Plaintiffs*

**IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| THORNE RESEARCH, INC. and SOFTGEL FORMULATORS, INC.,<br><br>Plaintiffs,<br><br>vs.<br><br>XYMOGEN, INC.,<br><br>Defendant. | **MOTION *IN LIMINE* TO EXCLUDE LEGAL OPINIONS BY EXPERT WITNESSES AND MEMORANDUM IN SUPPORT**<br><br>Case No.  2:13-CV-00784<br><br>Judge Ted Stewart |

Plaintiffs Thorne Research, Inc. and Softgel Formulators, Inc. (collectively "Thorne") hereby submit this Motion *in Limine* to preclude Defendant XYMOGEN, INC. ("Xymogen") and their representatives, witnesses, and attorneys from presenting argument, producing evidence, or eliciting testimony regarding the legal opinions of expert witnesses including Dr. Glenn D. Prestwich, a Ph.D. chemist.

Based on extensive legal opinions included in Dr. Prestwich's Expert Report, in which Dr. Prestwich interprets legal standards including: *a person of ordinary skill in the art*; the *presumption of validity* under 35 U.S.C. § 282; *prior art* under 35 U.S.C. § 102; *anticipation*; *obviousness*; and *priority date*; Thorne has reason to believe that Xymogen may attempt to introduce evidence or elicit testimony regarding these legal opinions at trial.[1]  Permitting these legal opinions to be brought before the jury would invite confusion as to the applicable legal standards.  Further, Dr. Prestwich's legal opinions risk subverting the Court's own instructions that will be given to the jurors regarding the relevant law.

F.R.E. 702(a) provides that an expert's opinion must "help the trier of fact to understand the evidence or to determine a fact at issue." Dr. Prestwich's understanding of legal standards relating to patent law are not relevant to the understanding of the evidence or in determining a fact in issue." Rather, they present issues regarding questions of law.

The Tenth Circuit has established that "Questions of law are the subject of the court's instructions and not the subject of expert testimony." *See Evans v. Indep. Sch. Dist. No. 25*, 936 F. 2d 472, 476 (10th Cir. 1991).  There are sound policy reasons behind this rule.  As noted in other

---

[1] Issues of prior art, anticipation and obviousness are not present in this case, and could not be presented to the jury in any event.

jurisdictions, "we must be especially careful not to allow trials before juries to become battles of paid advocates posing as experts on the respective sides concerning matters of domestic law." *Marx & Co, Inc. v. Diner's Club, Inc.*, 550 F. 2d 505, 511 (2nd Cir. 1977). Another danger is that "the jury may think that the 'expert' in the particular branch of the law knows more than the judge surely an inadmissible inference in our system of law." *Id.* at 512.

To the extent that Dr. Prestwich's understanding of the applicable legal standards contradict the instructions provided by the Court, they risk subverting the Court's instructions. Jurors may be left to choose which interpretation of the law to follow. On the other hand, to the extent that Dr. Prestwich's understanding of the applicable legal standards coincides with the instructions provided by the Court, it would be redundant and unnecessary. As such, there are no circumstances in which Dr. Prestwich's legal opinions should be brought before the jury.

It is true that under F.R.E. 704(a), "an opinion [of an expert witness] is not objectionable just because it embraces an ultimate issue." However, "opinions phrased in terms of inadequately explored legal criteria," are not be permitted under the rule. F.R.E. 704, Notes of Advisory Committee on Proposed Rules. In other words, an expert may offer an opinion of inference that embraces an ultimate issue to be determined by the trier of face, but the expert may not state legal conclusions drawn by applying the law to the facts. *See Evans*, 936 F. 2d at 476.

Dr. Prestwich's application of the legal standards in his report impermissibly draws conclusions through the application of the law to the facts. As such, these legal opinions should be excluded. Dr. Prestwich's testimony should only be admitted to the extent that it helps the jury to understand the evidence or to determine a fact at issue.

Thorne therefore respectfully requests that the Court exclude argument, evidence, and testimony regarding the legal opinions of Xymogen's expert witnesses.

DATED this 30th day of January, 2018.

PARSONS BEHLE & LATIMER

*/s/ Kristine E. Johnson*
KRISTINE E. JOHNSON
JULIETTE P. WHITE
*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 30th day of January, 2018, I served the foregoing document via ECF, which provided notice to all counsel of record.


/s/ Kristine E. Johnson
Kristine E. Johnson

4825-1523-0299v1