IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF UTAH

| | |
|---|---|
| THORNE RESEARCH, INC. and SOFTGEL FORMULATORS, INC., <br><br> Plaintiffs, <br><br> vs. <br><br> XYMOGEN, <br><br> Defendant. | MEMORANDUM DECISION AND ORDER DENYING WITHOUT PREJUDICE PLAINTIFFS' MOTION *IN LIMINE* TO EXCLUDE LEGAL OPINIONS BY EXPERT WITNESS <br><br> CASE NO. 2:13-CV-784 TS <br> Judge Ted Stewart |

This matter is before the Court on Plaintiffs' Motion *In Limine* to Exclude Legal Opinions by Expert Witnesses. Plaintiffs Thorne Research, Inc. and Softgel Formulators , Inc. (collectively "Thorne") allege that Xymogen's experts, specifically Dr. Glen Prestwich, apply legal standards in their reports and "impermissibly draw conclusions through application of the law to facts."[1] As such, Thorne seeks to exclude argument, evidence, and testimony regarding the legal opinions of Xymogen's expert witnesses. For the following reasons, the Court will deny the Motion without prejudice.

## I.     STANDARD OF REVIEW

Federal Rule of Evidence 704(a) states that "[a]n opinion is not objectionable just because it embraces an ultimate issue." The Tenth Circuit recognizes "that a witness may refer to the law in expressing an opinion without that reference rendering the testimony inadmissible. Indeed, a witness may properly be called upon to aid the jury in understanding the facts in

---

[1] Docket No. 269, at 2.

1

evidence even though reference to those facts is couched in legal terms."[2] "However, when the purpose of testimony is to direct the jury's understanding of the legal standards upon which their verdict must be based, the testimony cannot be allowed. In no instance can a witness be permitted to define the law of the case."[3] Additionally, "an expert may not state legal conclusions drawn by applying the law to the facts."[4]

## II.  DISCUSSION

Thorne states that in Dr. Prestwich's expert report he "interprets legal standards including: a person of ordinary skill in the art; the presumption of validity under 35 U.S.C. § 282; prior art under 35 U.S.C. § 102; anticipation; obviousness; and priority date."[5] Thorne argues that these opinions could "invite confusion as to the applicable legal standards" and "risk subverting the Court's own instructions that will be given to the jurors regarding the relevant law."[6]

In response, Defendant states that "Dr. Prestwich will not opine as to whether the '888 Patent is invalid, nor will he opine regarding the criteria for finding invalidity."[7] Dr. Prestwich will "merely provide[] facts and expert opinion to assist the jury in understanding the complex chemistry involved in making a stable and highly absorbable CoQ10 solution" and "will aid the

---

[2] *Specht v. Jensen*, 853 F.2d 805, 809 (10th Cir. 1988) (identifying examples of permissible expert testimony referencing the law).

[3] *Id.* at 810.

[4] *A.E. ex rel. Evans v. Indep. Sch. Dist No. 25*, 936 F.2d 472, 476 (10th Cir. 1991).

[5] Docket No. 269, at 1.

[6] *Id.*

[7] Docket No. 306, at 2.

jury by showing that Mr. Rumolo had conceived of and reduced to practice all the elements of the formula claimed by the '888 Patent in November 2004."[8]

In his export report, Dr. Prestwich discusses his understanding of various legal standards.[9] Dr. Prestwich then goes on to express his opinion that Thomas Rumolo is the "First and True Inventor of the Soluble, Stable, Bioavailable CoQ10 Formulation."[10] While it would be improper for Dr. Prestwich to attempt to define the law or state legal conclusions drawn by applying the law to the facts, it does not appear that Dr. Prestwich has any intention of doing so. As a result, the Court sees no need to exclude any portion of his testimony. Should Thorne believe that Dr. Prestwich is providing inappropriate testimony, counsel may make an objection at the appropriate time.

III.  CONCLUSION

It is therefore

ORDERED that Plaintiffs' Motion *In Limine* to Exclude Legal Opinions by Expert Witnesses (Docket No. 269) is DENIED WITHOUT PREJUDICE.

DATED this 9th day of February, 2018.

BY THE COURT:

_____

Judge Ted Stewart

---

[8] *Id.* at 2–3.

[9] Docket No. 308 ¶¶ 19–41.

[10] *Id.* at 20.

3