IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF UTAH

| | |
|---|---|
| THORNE RESEARCH, INC. and SOFTGEL FORMULATORS, INC., <br><br> Plaintiffs, <br> vs. <br><br> XYMOGEN, <br><br> Defendant. | MEMORANDUM DECISION AND ORDER DENYING PLAINTIFFS' MOTION *IN LIMINE* TO EXCLUDE OPINION REGARDING MICROSOFT ACCESS DATABASE <br><br> CASE NO. 2:13-CV-784 TS <br> Judge Ted Stewart |

This matter is before the Court on Plaintiffs' Motion *In Limine* to Exclude Opinion Regarding Usage of Microsoft Access Database. Plaintiffs Thorne Research, Inc. and Softgel Formulators , Inc. (collectively "Thorne") are seeking to exclude Xymogen from arguing, producing evidence, or "eliciting testimony from Dr. Glenn D. Prestwich regarding the usage of a Microsoft Access database for scientific research (such as that used by the inventor of the '888 Patent), and whether such usage is standard or acceptable practice."[1] For the following reasons, the Court denies the Motion.

I.      STANDARD OF REVIEW

"In determining whether expert testimony is admissible, the district court generally must first determine whether the expert is qualified 'by knowledge, skill, experience, training, or education' to render an opinion."[2] "[W]here such testimony's factual basis, data, principles, methods, or their application are called sufficiently into question . . . the trial judge must

---

[1] Docket No. 270, at 1.

[2] *United States v. Nacchio*, 555 F.3d 1234, 1241 (10th Cir. 2009) (quoting Fed. R. Evid. 702).

determine whether the testimony has a reliable basis in the knowledge and experience of the relevant discipline."[3]

## II.    DISCUSSION

In his expert report, Dr. Prestwich states that he is "not familiar with the use of a Microsoft Access database to record experiments."[4] Dr. Prestwich opines that "it would have been quite unusual for a research scientist engaged in potentially novel, non-obvious, and useful discoveries that would characterize an invention to use such a system."[5] This opinion is based on Dr. Prestwich's belief that "such a system could be more vulnerable to tampering that would not be possible in a hardbound, handwritten laboratory notebook."[6] Dr. Prestwich states that "it was the accepted and common practice to maintain a hardbound (not spiral bound) notebook with handwritten entries in ink in order to verify authenticity of results and timelines."[7] Dr. Prestwich bases this conclusion on his experience at universities and the private sector.[8]

Thorne seeks to exclude this testimony on a number of grounds. First, Thorne argues that this testimony is not relevant. However, as Xyomgen correctly points out, testimony on this subject is directly relevant to its claim that the '888 Patent is invalid.

Thorne next argues that Dr. Prestwich is not qualified to opine on the use of a Microsoft Access database for research purposes. The Court disagrees. Dr. Prestwich is sufficiently

---

[3] *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 149 (1999) (internal quotation marks omitted).

[4] Docket No. 308 Ex. A ¶ 83.

[5] *Id.*

[6] *Id.*

[7] *Id.* ¶ 82.

[8] *Id.*

qualified, based on his training and experience, to testify about standard laboratory notebook procedures and whether the use of a Microsoft Access database comports with standard practice.

Thorne next argues that this testimony should be excluded because it lacks a sufficient basis. For substantially the same reasons already stated, the Court disagrees. Dr. Prestwich's report clearly identifies the basis for his opinions.

Finally, Thorne argues that such testimony will unduly prejudice the jury. Thorne is concerned that "the jury may erroneously rely on Dr. Prestwich's testimony as a suggestion of tampering of the inventive documents."[9] Thorne's concern is moderated by Dr. Prestwich's deposition testimony where he states that he has no evidence that the Microsoft Access database at issue was tampered with.[10] Thus, there is no risk of undue prejudice.

## III. CONCLUSION

It is therefore

ORDERED that Plaintiffs' Motion *In Limine* to Exclude Opinion Regarding Usage of Microsoft Access Database (Docket No. 270) is DENIED.

DATED this 9th day of February, 2018.

BY THE COURT:

Judge Ted Stewart

---

[9] Docket No. 270, at 3.

[10] Docket No. 309 Ex. B at 26:6–9.