IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF UTAH

| | |
|---|---|
| THORNE RESEARCH, INC. and SOFTGEL FORMULATORS, INC.,<br><br>Plaintiffs,<br>vs.<br><br>XYMOGEN,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER DENYING WITHOUT PREJUDICE PLAINTIFFS' MOTION *IN LIMINE* TO EXCLUDE ANY EVIDENCE AND/OR TESTIMONY REGARDING COMPOSITION OF THE ACCUSED PRODUCTS NOT PREVIOUSLY PRODUCED<br><br>CASE NO. 2:13-CV-784 TS<br>Judge Ted Stewart |

This matter is before the Court on Plaintiffs' Motion *In Limine* to Exclude Any Evidence And/Or Testimony Regarding Composition of the Accused Products Not Previously Produced. For the following reasons, the Court denies the Motion without prejudice.

## I.  BACKGROUND

On August 22, 2013, Thorne and Softgel Formulators (collectively, "Thorne") filed the present lawsuit against Xymogen for infringement of United States Patent No. 8,491,888, titled "Highly Absorbable Coenzyme Q10 Composition and Method of Producing Same" (the '888 Patent).[1] Since then, Thorne served several discovery requests seeking information regarding the composition of the accused products. "When asked to identify each ingredient and/or material used to manufacture its CoQMax-100CF product, including the mass for each ingredient,"[2] Xymogen listed the ingredients, but stated that it did "not know the precise mass for each

---

[1] U.S. Patent No. 8,491,888 (filed May 4, 2007); *see also* Docket No. 156 Ex. A.

[2] Docket No. 274, at 1.

ingredient used in the product."[3] When asked about the ingredients in the CoQMax CF product, Xymogen provided a range or approximation of the mass of each ingredient.[4]

Xymogen identified Mike Mahoney as an individual with "knowledge or information concerning the composition of" its CoQmax-l00CF CoQmax CF products.[5] During his deposition, Mr. Mahoney stated that he did not know all of the inactive ingredients, but did list those he remembered.[6] When asked whether the master formulas of the HiSorb product were the same as the CoQmax CF and CF 100, he stated that they were.[7]

Finally, when asked to admit that the master formula for Hi Sorb CoQ10 100mg softgel and Hi Sorb CoQ10 50 mg softgel were the same as the formulas for the CF products, Xymogen stated that it "made reasonable inquiry and the information it knows or can readily obtain is insufficient to enable it to admit or deny this request . . . ."[8] It is unclear whether the Requests for Admissions were answered before or after Mr. Mahoney's deposition.

Thorne has now filed this Motion to preclude Xymogen from offering any evidence or testimony from Xymogen representatives about the composition of the accused products that would respond to Thorne's discovery requests, but was never disclosed during discovery.

## I.      STANDARD OF REVIEW

"A party who has . . . responded to an interrogatory . . . must supplement or correct its disclosure or response: in a timely manner if the party learns that in some material respect the disclosure or response is incomplete, and if the additional or corrective information has not

---

[3] Docket No. 274 Ex. A, at 4.

[4] *Id.*

[5] *Id.* Ex. B.

[6] *Id.* Ex. C at 58:4–10.

[7] *Id.* at 59:23–60:3.

[8] *Id.* Ex. D, at 3, 4.

otherwise been made known to the other parties during the discovery process or in writing."[9] "If

a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the

party is not allowed to use that information or witness to supply evidence on a motion, at a

hearing, or at a trial, unless the failure was substantially justified or is harmless."[10]

"A district court need not make explicit findings concerning the existence of a substantial

justification or the harmlessness of a failure to disclose."[11] However, in exercising its discretion,

the court should consider: "(1) the prejudice or surprise to the party against whom the testimony

is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing

such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness."[12]

"[G]ood faith alone would not be enough to overcome the other factors."[13]

## II.    DISCUSSION

In its Motion, Thorne states that it believes that Xymogen may attempt to introduce

evidence and/or elicit testimony at trial from Xymogen personnel regarding details about the

composition of its products. Thorne argues that Xymogen should be precluded from doing so

based on its argument that Xymogen failed to disclose such information during discovery.

---

[9] Fed. R. Civ. P. 26(e)(1)(A).

[10] Fed. R. Civ. P. 37(c)(1).

[11] *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999).

[12] *Id.*; *see also HCG Platinum, LLC v. Preferred Prod. Placement Corp.*, 873 F.3d 1191, 1203 (10th Cir. 2017) ("In making a discretionary decision, a court must present an explanation for its choice sufficient to enable a reviewing court to determine that it did not act thoughtlessly, but instead considered the factors relevant to its decision and in fact exercised its discretion.") (quotation marks omitted); *Gale v. Uintah  Cty.*, --- F.App'x---, 2017 WL 6397733, at *5 (10th Cir. Dec. 15, 2017) ("Where a district court does not consider the *Woodworker's Supply* factors, the failure to consider this criteria amounts to legal error, and we must conclude that the district court abused its discretion on that ground alone.") (quotation marks omitted).

[13] *See Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 953–54 (10th Cir. 2002).

Xymogen denies that its discovery responses were inadequate and argues that it should be permitted to present evidence regarding the composition of the accused product to the extent that evidence was disclosed during discovery. However, Xymogen states that it will not seek to elicit such testimony to the extent that it was not disclosed in deposition or discovery responses.[14]

Based upon this representation, the Court will deny the Motion without prejudice. Xymogen may present evidence and elicit testimony concerning the composition of the accused products, so long as that evidence and testimony was properly disclosed. Should Xymogen attempt to go beyond that which was disclosed, Thorne can make an appropriate objection at trial.

### III.    CONCLUSION

It is therefore

ORDERED that Plaintiffs' Motion In Limine to Exclude Any Evidence And/Or Testimony Regarding Composition of the Accused Products Not Previously Produced (Docket No. 274) is DENIED WITHOUT PREJUDICE.

DATED this 9th day of February, 2018.

BY THE COURT:

Judge Ted Stewart

---

[14] Docket No. 314, at 2.