IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF UTAH

| | |
|---|---|
| THORNE RESEARCH, INC. and SOFTGEL FORMULATORS, INC.,<br><br>Plaintiffs,<br>vs.<br><br>XYMOGEN,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION *IN LIMINE* NO. 1 TO PROHIBIT PLAINTIFFS FROM SEEKING MONETARY DAMAGES, INCLUDING A REASONABLE ROYALTY, AT TRIAL<br><br>CASE NO. 2:13-CV-784 TS<br>Judge Ted Stewart |

This matter is before the Court on Defendant Xymogen's Motion *In Limine* No. 1 to Prohibit Plaintiffs from Seeking Monetary Damages, Including a Reasonable Royalty, at Trial. According to Xymogen, Plaintiffs Thorne and Softgel Formulators (collectively, "Thorne") initially sought only an injunction and Xymogen was unaware that Thorne intended to seek damages in the form of a reasonable royalty until Thorne filed its proposed jury instructions on January 17, 2018. For the following reasons, the Court denies the Motion.

I. DISCUSSION

In patent cases, there is a "presumption of damages when infringement is proven"[1] since the statute clearly states that "[u]pon finding for the claimant the court shall award the claimant damages adequate to compensate for the infringement, *but in no event less than a reasonable*

---

[1] *Dow Chemical Co. v. Mee Indus., Inc.*, 341 F.3d 1370, 1382 (Fed. Cir. 2003) ("The district court's conclusion that no damages could be awarded, in light of the presumption of damages when infringement is proven, was in error."); *Lindemann Maschinenfabrik GmbH v. Am. Hoist & Derrick Co.*, 895 F.2d 1403, 1406 (Fed. Cir. 1990) ("In patent law, the fact of infringement establishes the fact of damage because the patentee's right to exclude has been violated.").

*royalty* for the use made of the invention by the infringer . . . ."[2] "Further, section 284 is clear that expert testimony is not necessary to the award of damages, but rather may be received as an aid."[3] Fact witnesses may also testify "as to various facts that may also be relevant for the *Georgia-Pacific* factors used to determine damages . . . provided a foundation is shown."[4] In light of the relevant statute and supporting case law, the Court finds that Thorne may argue for damages as they relate to a reasonable royalty.

There is another issue, however, as to whether Thorne may introduce evidence in support of those arguments since the presumption of a reasonable royalty does not result in a right to put on evidence in support of those damages.[5]

"If a party fails to provide information in compliance with Federal Rule of Civil Procedure 26(e), "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."[6] "A district court need not make explicit findings concerning the existence of a

---

[2] 35 U.S.C. § 284 (emphasis added).

[3] *Dow Chemical Co.*, 341 F.3d at 1381–82 (Fed. Cir. 2015) (internal quotation marks omitted); 35 U.S.C. § 284 ("The court may receive expert testimony as an aid to the determination of damages or of what royalty would be reasonable under the circumstances.").

[4] *Phillip M. Adams & Assoc., LLC v. Lenovo Int'l et al*, No. 1:05-CV-64-TS, Docket No. 1703, at 2.

[5] *Info-Hold, Inc. v. Muzak LLC*, 783 F.3d 1365, 1372 ("35 U.S.C. § 284 requires the district court to award damages in an amount no less than a reasonable royalty even if the plaintiff[s have] no evidence to proffer. We explained that, in such a case, the district court should consider the *Georgia–Pacific* factors in detail, and award such reasonable royalties as the record evidence will support.") (internal quotation marks omitted); *see also Dow Chemical Co.*, 341 F.3d at 1382 (holding that the "court's obligation to award some amount of damages does not mean that a patentee who puts on little or no satisfactory evidence of a reasonable royalty can successfully appeal on the ground that the amount awarded by the court is not 'reasonable' and therefore contravenes section 284"); *Apple Inc. v. Motorola, Inc.*, 757 F.3d 1286, 1327 (Fed. Cir. 2014) ("If a patentee's evidence fails to support its specific royalty estimate, the fact finder is still required to determine what royalty is supported by the record.").

[6] Fed. R. Civ. P. 37(c)(1).

substantial justification or the harmlessness of a failure to disclose."[7] However, in exercising its discretion, the court should consider: "(1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness."[8]

Inasmuch as evidence on damages has been disclosed in depositions, expert reports, or in other ways that gave reasonable notice to Xymogen, the Court finds no violation to which Rule 37(c) would apply. Any such violation was harmless and will not prejudice Xymogen. However, if there is evidence that has not been previously disclosed and does not comply with the above law, Xymogen may make a timely objection to the admission of that evidence and the Court will make a ruling at that time.

## II. CONCLUSION

It is therefore

ORDERED that Defendant's Motion *In Limine* No. 1 to Prohibit Plaintiffs from Seeking

---

[7] *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999).

[8] *Id.*; *see also HCG Platinum, LLC v. Preferred Prod. Placement Corp.*, 873 F.3d 1191, 1203 (10th Cir. 2017) ("In making a discretionary decision, a court must present an explanation for its choice sufficient to enable a reviewing court to determine that it did not act thoughtlessly, but instead considered the factors relevant to its decision and in fact exercised its discretion.") (internal quotation marks omitted); *Gale v. Uintah County*, ---F.App'x---, 2017 WL 6397733, *5 (10th Cir. Dec. 15, 2017) ("Where a district court does not consider the *Woodworker's Supply* factors, the 'failure to consider this criteria amounts to legal error, and we must conclude that the district court abused its discretion on that ground alone.") (internal quotation marks omitted).

Monetary Damages, Including a Reasonable Royalty, at Trial (Docket No. 276) is DENIED.

DATED this 9th day of February, 2018.

BY THE COURT:

_____
Judge Ted Stewart