IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF UTAH

| | |
|---|---|
| THORNE RESEARCH, INC. and SOFTGEL FORMULATORS, INC., <br><br> Plaintiffs, <br> vs. <br><br> XYMOGEN, <br><br> Defendant. | MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S *MOTION IN LIMINE* NO. 2 TO EXCLUDE EVIDENCE REGARDING SCOTT BUKOW'S PURPORTED OFFER TO PURCHASE A LICENSE TO THE '888 PATENT <br><br> CASE NO. 2:13-CV-784 TS <br> Judge Ted Stewart |

This matter is before the Court on Defendant's Motion *In Limine* No. 2 to Exclude Evidence Regarding Scott Bukow's Purported Offer to Purchase a License to the '888 Patent. For the following reasons, the Court will grant the Motion in part and deny it in part.

I.  BACKGROUND

On August 22, 2013, Thorne and Softgel Formulators (collectively, "Thorne") filed the present lawsuit against Xymogen for infringement of United States Patent No. 8,491,888, titled "Highly Absorbable Coenzyme Q10 Composition and Method of Producing Same" (the '888 Patent).[1] "During deposition, Duke Vu, Robin Koon, William McCamy, and Mike Mahoney described an offer allegedly made by XYMOGEN's former VP International, Scott Bukow, to purchase an exclusive license to the '888 Patent."[2] Thorne's expert, Clark B. Nelson, also referenced the offer along with a letter Bukow sent expressing interest in an exclusive license. Neither side deposed or intends to call Bukow. Xymogen has now filed this Motion to prevent

---

[1] U.S. Patent No. 8,491,888 (filed May 4, 2007); *see also* Docket No. 156 Ex. A.

[2] Docket No. 277, at 1.

1

Thorne from calling any of these witnesses at trial to testify "to out-of-court statements offered for the truth of the matter asserted in those statements."[3]

I. STANDARD OF REVIEW

"An out-of-court statement is considered 'hearsay' if it is offered 'to prove the truth of the matter asserted.'"[4] "Hearsay evidence is generally inadmissible."[5] "A statement is not hearsay, however, if it is an admission of a party-opponent."[6] An admission of a party opponent is a statement that

> is offered against an opposing party and: was made by the party in an individual or representative capacity; is one the party manifested that it adopted or believed to be true; was made by a person whom the party authorized to make a statement on the subject; [or] was made by the party's agent or employee on a matter within the scope of that relationship and while it existed.[7]

II. DISCUSSION

As stated, Defendant objects to testimony from Duke Vu, Robin Koon, William McCamy, Mike Mahoney, and Clark B. Nelson. The Court will discuss each in turn.

During his deposition, Mr. Vu, a Best Formulations sales employee, "testified that Mr. Bukow made an offer to purchase a license to the '888 Patent for about $250,000 plus some unidentified royalties."[8] Thorne argues that this statement is admissible as the admission of a party opponent. The Court agrees. At the time he made the offer to purchase the license, Mr. Bukow was Xymogen's Vice President of International Development and was Mr. Vu's contact

---

[3] *Id.*

[4] *United States v. Brinson*, 772 F.3d 1314, 1322 (10th Cir. 2014) (quoting Fed. R. Evid. 801(c)(2)).

[5] *Fischer v. Forestwood Co., Inc.*, 525 F.3d 972, 984 (10th Cir. 2008).

[6] *Id.*

[7] Fed. R. Evid. 801(d)(2).

[8] Docket No. 277, at 1; *see also id.* Ex. A at 56:21-59:13.

at Xymogen.[9] Based upon the evidence presented, it appears that Mr. Bukow made the offer while he was an agent or employee of Xymogen and that the offer would have been within the scope of that relationship. Therefore, Mr. Vu's testimony will not be excluded.

Mr. Koon, an Executive Vice President at Best Formulations, also testified that Mr. Bukow and Mr. Vu met to "discuss an . . . exclusivity on the CoQ10 product."[10] Thorne argues that Mr. Koon's statement is not hearsay. Again, the Court agrees. Mr. Koon is not testifying to what was said in the meeting between Mr. Bukow and Mr. Vu, only the topic of the meeting. Mr. Koon had direct knowledge of the topic of the meeting as he was the one who suggested it.[11] Therefore, Mr. Koon's statement that Mr. Bukow and Mr. Vu met to discuss a license will not be excluded.

Mr. McCamy, President of Thorne Research, testified that Mr. Koon told him that Xymogen made an offer to purchase exclusive rights to the '888 Patent. Thorne acknowledges that the statement of Mr. Koon to Mr. McCamy may constitute hearsay if offered to prove the truth of the matter asserted. Thorne, however, resists exclusion, arguing that the statement may be offered for other reasons. For example, Thorne argues that this statement could provide evidence of a motive by Mr. McCamy to investigate infringement claims against Xymogen. Thorne has failed to offer any evidence to support this theory. Unless such evidence is first produced, this statement will be excluded.

Mr. Mahoney, a Senior Vice President at Xymogen, testified that Mr. Bukow may have talked with Mr. Koon about Mr. Bukow's interest in obtaining a license.[12] However, Mr.

---

[9] Docket No. 302 Exs. A, B.

[10] Docket No. 277 Ex. B at 188:14–18.

[11] Docket No. 302 Ex. C at 64:15–65:6.

[12] Docket No. 277 Ex. D at 54:16–23; *id.* at 95:22–97:1.

3

Mahoney was not involved in these negotiations.[13] As set forth above, the Court finds that Mr. Bukow's statements are admissible as statements of a party opponent. The fact that Mr. Bukow then related those statements to Mr. Mahoney, another Xymogen employee, does not render those statements inadmissible.[14]

Finally, in his expert report, Mr. Nelson references a letter sent from Mr. Bukow to Mr. Koon and Donald Steele, in which Mr. Bukow states that Xymogen is prepared to negotiate an "exclusivity agreement."[15] Mr. Nelson also references the oral offer allegedly made by Mr. Bukow to Mr. Koon.[16] Both statements are admissible for the reasons discussed.

### III. CONCLUSION

It is therefore

ORDERED that Defendant's Motion *In Limine* No. 2 to Exclude Evidence Regarding Scott Bukow's Purported Offer to Purchase a License to the '888 Patent (Docket No. 277) is GRANTED IN PART AND DENIED IN PART.

DATED this the day of 9th of February, 2018.

BY THE COURT:

Judge Ted Stewart

---

[13] *Id.* at 54:18-19.

[14] *United States v. Young*, 736 F.2d 565, 567 (10th Cir. 1983) ("The fact that the statement was made by a corporate employee to another corporate employee, rather than to a third party, would not preclude the admission of that statement against the corporation under [801(a)(2)(D)].").

[15] Docket No. 277 Exs. E, F.

[16] *Id.* Ex. E.