IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF UTAH

| | |
|---|---|
| THORNE RESEARCH, INC. and SOFTGEL FORMULATORS, INC., <br><br> Plaintiffs, <br><br> vs. <br><br> XYMOGEN, <br><br> Defendant. | MEMORANDUM DECISION AND ORDER DENYING PLAINTIFFS' MOTION *IN LIMINE* TO EXCLUDE FAILURE TO LIST CO-INVENTOR AS A BASIS FOR INVALIDITY <br><br> CASE NO. 2:13-CV-784 TS <br> Judge Ted Stewart |

This matter is before the Court on Plaintiffs' Motion *In Limine* to Exclude Failure to List Co-Inventor as a Basis for Invalidity. For the following reasons, the Court denies the Motion.

## I.        BACKGROUND

In Xymogen's Preliminary Invalidity Contentions it alleged, *inter alia*, invalidity based on derivation "under 35 U.S.C. § 102(f) because the listed inventors, Donald Steele and William Judy, did not themselves invent the subject matter patented."[1] Xymogen, however, also intends to argue invalidity for failure to list a co-inventor and, according to Plaintiffs Thorne and Softgel Formulators (collectively, "Thorne"), "any suggestion of co-invention by Mr. Rumolo would extend beyond the issues raised in Xymogen's Invalidity Contentions."[2] Thorne has now filed this Motion to "preclude Defendant XYMOGEN, INC. . . . from presenting argument or evidence, or eliciting testimony regarding a failure of the '888 Patent to list Thomas Rumolo as a co-inventor as a basis for invalidity at trial."[3]

---

[1] Docket No. 272 Ex. A at 4.

[2] Docket No. 272, at 1.

[3] *Id.*

## I.    STANDARD OF REVIEW

"A person shall be entitled to a patent unless: he did not himself invent the subject matter sought to be patented."[4] A theory of invalidity based on the "claim that a patentee derived an invention addresses originality . . . [and] asserts that the patentee did not 'invent' the subject matter of the count because the patentee derived the invention from another."[5] In order to prove invalidity on the basis of derivation, the party attacking the patent "must establish prior conception of the claimed subject matter and communication of the conception to the adverse claimant."[6]

Additionally, "[w]henever through error . . . an inventor is not named in an issued patent and such error arose without any deceptive intention on his part, the Director may, on application of all the parties and assignees, with proof of the facts and such other requirements as may be imposed, issue a certificate correcting such error."[7] However, "[t]he error of omitting inventors or naming persons who are not inventors shall not invalidate the patent in which such error occurred if it can be corrected as provided in this section."[8] Finally, to show that an individual should be a named co-inventor on a patent, "the alleged co-inventor or co-inventors must prove their contribution to the conception of the claims by clear and convincing evidence."[9]

---

[4] 35 U.S.C. 102(f).

[5] *Price v. Symsek*, 988 F.2d 1187, 1190 (Fed. Cir. 1993).

[6] *Id.* ("While the ultimate question of whether a patentee derived an invention from another is one of fact, the determination of whether there was a prior conception is a question of law, which is based upon subsidiary factual findings.").

[7] 35 U.S.C. § 256.

[8] *Id.*

[9] *Ethicon, Inc. v. U.S. Surgical Corp.,* 135 F.3d 1456, 1461 (Fed. Cir. 1998).

## II.    DISCUSSION

Thorne argues that Xymogen should not be able to argue invalidity for failure to list a co-inventor because "[i]t would be unfair at this point to permit Xymogen to shift away from its theory of invalidity by derivation presented in the Invalidity Contentions, and instead offer a new theory of invalidity by failure to list a co-inventor."[10]

The Court, however, finds that the co-inventor theory is not a new theory and was disclosed in Xymogen's Preliminary Invalidity Contentions by the statement, "Thomas Rumolo significantly contributed to the conception and reduction to practice of this invention and yet was not named an inventor on the '888 patent. As such, the '888 patent is invalid under 35 U.S.C. § 102(f)."[11] Thorne argues that this sentence fails to provide notice of the contention since it is in the context of an invalidity by derivation contention and allowing this theory would confuse the jury.

The Court disagrees. While the theory was not separated out into its own section and supplemented with more details, the plain language of those two sentences, even within the context of the derivation instruction, should have put Thorne on notice of Xymogen's co-inventor theory. There is also little risk of confusing the jury since instructions on the separate theories will be provided, the parties will have the opportunity to distinguish the theories at trial, and the risk is the same as in any case where there is more than one theory of invalidity. For these reasons, the Court finds that Xymogen did not fail to disclose this theory in its invalidity contentions and may, therefore, argue invalidity on the basis of co-inventorship at trial.

---

[10] Docket No. 272, at 3.

[11] Docket No. 311 Ex. A, at 5.

### III.     CONCLUSION

It is therefore

ORDERED that Plaintiffs' Motion *In Limine* to Exclude Failure to List Co-Inventor as a Basis for Invalidity (Docket No. 272) is DENIED. Plaintiffs are instructed to submit a proposed final jury instruction on inventorship and respond to Defendant's proposed jury instruction on inventorship (Docket No. 311-3) by 5:00 p.m. today.

DATED this 9th day of February, 2018.

BY THE COURT:

_____
Judge Ted Stewart