IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF UTAH

| | |
|---|---|
| THORNE RESEARCH, INC. and SOFTGEL FORMULATORS, INC.,<br><br>Plaintiffs,<br>vs.<br><br>XYMOGEN,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION *IN LIMINE* NO. 3 TO EXCLUDE EXPERT TESTIMONY REGARDING DR. PAUL ABATO'S ALLEGED RELIANCE ON EUROFINS REPORT<br><br>CASE NO. 2:13-CV-784 TS<br>Judge Ted Stewart |

This matter is before the Court on Xymogen's Motion *In Limine* No. 3 to Exclude Expert Testimony Regarding Dr. Paul Abato's Alleged Reliance on Eurofins Report. For the following reasons, the Court denies the Motion.

I. BACKGROUND

On June 6, 2016, Plaintiffs Thorne Research, Inc.'s and Softgel Formulators, Inc.'s (collectively "Thorne") expert, Kent Rader, submitted a declaration to which a report from Eurofins Scientific Inc. Supplement Analysis Center (the "Report") was attached. The Report details chemical analyses performed on Xymogen's accused products.

On May 17, 2017, Thorne served Dr. Paul Abato's expert report, in which he explains the materials he considered in reaching his opinions regarding the contents of Xymogen's accused products.[1] The Report was not mentioned among the materials considered. Xymogen alleges the Report was also not mentioned as a source on which Dr. Abato based his opinions in his deposition, which took place on May 17, 2017. However, on December 26, 2017, Dr. Abato

---

[1] *See* Docket No. 280 Ex. B at 8–18.

1

submitted an errata in which he added the Report as a basis for his opinions.[2] Xymogen now seeks to bar "Dr. Paul Abato from testifying that he relied on [the Report], because he failed to timely disclose this alleged reliance in his expert report or during his deposition."[3]

In their Response, Thorne argues Dr. Abato should not be precluded from offering testimony that he relied on the Report in reaching his conclusions because Xymogen was put on notice that Dr. Abato did in fact rely on the Report. Thorne cites to two disclosures to support its argument. First, Dr. Abato's deposition transcript, wherein Xymogen asked him if "the [Report] analyze[d] the chemical composition of the accused products" and what the Report concluded about the products.[4] Second, Dr. Abato's expert report wherein he lists "[t]he Court dockets for the case," under the "Facts or Data Considered" portion of his expert report.[5] The Report is included in the Docket.[6]

## II.  STANDARD OF REVIEW

An expert report must contain "a complete statement of all opinions the witness will express and the basis and reasons for them [and] the facts or data considered by the witness in forming them."[7] "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a

---

[2] Docket No. 278 Ex C., at 30:24–31:5; 153:7-20; *Id.* Ex. D.

[3] Docket No. 278, at 1.

[4] Docket No. 321 Ex. A, at 25:21–25. There are two Eurofin reports. The deposition transcript states that the above stated questioning is in regard to the July 28 Eurofin report, not the June 6 Report. However, both parties acknowledge that the June 6 Report is the only Eurofin report wherein the chemical composition of the product is discussed. Therefore, Dr. Abato must have understood this question regarding a Eurofin report, to be in reference to the June 6 Report at issue.

[5] Docket No. 280 Ex. B, at 6.

[6] *See* Docket No. 156 Ex. N.

[7] Fed. R. Civ. P. 26(a)(2)(B)(i), (ii).

motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."[8] "A district court need not make explicit findings concerning the existence of a substantial justification or the harmlessness of a failure to disclose."[9] However, in exercising its discretion, the court should consider: "(1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness."[10]

III.     DISCUSSION

There is no Rule 26 violation, so Rule 37(c) does not apply. But, even if there was a violation, it is harmless since the Court finds that the weight of the above-stated factors is in favor of allowing Dr. Abato to testify regarding the Report.

First, Thorne has shown sufficient evidence that Xymogen was on notice that Dr. Abato relied on the Report in reaching his conclusions. In fact, as referenced, Thorne questioned him in regard to the contents of the Report during his deposition. Therefore, the prejudice or surprise to Xymogen is minimal. Because there is minimal prejudice, the ability of Xymogen to cure the prejudice is irrelevant. Therefore, both the first and second factors weight in favor of allowing Dr. Abato to discuss the Report.

---

[8] Fed. R. Civ. P. 37(c)(1); L.P.R. 5.1(d)(3) ("[A]n expert shall not use or refer to at trial any evidence, basis or grounds in support of the expert's opinion not disclosed in the expert's report, except as set forth below.").

[9] *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999).

[10] *Id.*; *see also HCG Platinum, LLC v. Preferred Prod. Placement Corp.*, 873 F.3d 1191, 1203 (10th Cir. 2017) ("In making a discretionary decision, a court must present an explanation for its choice sufficient to enable a reviewing court to determine that it did not act thoughtlessly, but instead considered the factors relevant to its decision and in fact exercised its discretion.") (internal quotation marks omitted); *Gale v. Uintah Cty.*, ---F.App'x---, 2017 WL 6397733, at *5 (10th Cir. Dec. 15, 2017) ("Where a district court does not consider the *Woodworker's Supply* factors, the failure to consider this criteria amounts to legal error, and we must conclude that the district court abused its discretion on that ground alone.") (internal quotation marks omitted).

Third, the extent to which allowance of the disputed testimony will disrupt trial is minimal. Dr. Abato will simply discuss an additional document which supports his conclusions. Trial will not be interrupted in any meaningful way by this addition.

Finally, the record does not support that Thorne acted in bad faith. Thorne knew that Xymogen had knowledge of the Report as it was contained in the Docket, and further, because Xymogen asked Dr. Abato about the Report in his deposition.

Based on the above analysis, the Court finds allowing Dr. Abato to testify about the Report to be harmless and will deny Xymogen's Motion accordingly.

## IV. CONCLUSION

It is therefore

ORDERED that Defendant's Motion *In Limine* No. 3 to Exclude Expert Testimony Regarding Dr. Paul Abato's Alleged Reliance on Eurofins Report (Docket No. 278) is DENIED.

DATED this 9th day of February, 2018.

BY THE COURT:

Judge Ted Stewart