IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF UTAH

| | |
|---|---|
| THORNE RESEARCH, INC. and SOFTGEL FORMULATORS, INC., <br><br> Plaintiffs, <br><br> vs. <br><br> XYMOGEN, <br><br> Defendant. | MEMORANDUM DECISION AND ORDER DENYING PLAINTIFFS' MOTION *IN LIMINE* TO EXCLUDE PHOTOS NOT DISCLOSED IN DISCOVERY <br><br> CASE NO. 2:13-CV-784 TS <br><br> District Judge Ted Stewart |

This matter is before the Court on Plaintiffs' Motion *In Limine* to Exclude Photos Not Disclosed In Discovery. For the following reasons, the Court denies the Motion.

I. BACKGROUND

On December 6, 2017, more than two years after the close of discovery, Xymogen produced a number of photographs identified as XYMOGEN000675-842 (the "Photos"). Plaintiffs (collectively "Thorne") filed this Motion to preclude Xymogen from "offering any evidence, testimony, or argument regarding the documents bates numbered XYMOGEN000675-842 because Xymogen failed to produce these documents during discovery and Xymogen has no justification for the untimely production."[1] In its Response, Xymogen argues that the Photos merely depict formulations that Thorne is, and have been, well aware of since Mr. Rumolo's deposition in November 2014, and should therefore be admitted.

II. STANDARD OF REVIEW

"If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at

---

[1] Docket No. 268, at 1.

1

a hearing, or at a trial, unless the failure was substantially justified or is harmless."[2] "A district court need not make explicit findings concerning the existence of a substantial justification or the harmlessness of a failure to disclose."[3] However, in exercising its discretion, the court should consider: "(1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness."[4]

III.   DISCUSSION

Each of the above-stated factors weighs in favor of allowing the Photos. First, Xymogen argues that Thorne has not been prejudiced or surprised by the disclosure of these Photos because the Photos merely depict images of formulations, which Thorne has been aware of since 2014. The formulations were introduced during Mr. Rumolo's videotaped deposition in November 2014. Thorne's counsel was present at Mr. Rumolo's deposition, examined the formulations, and had an opportunity to question Mr. Rumolo regarding the formulations. Thorne was, therefore, aware of the formulations and the video footage of the formulations. As argued by Xymogen, Xymogen could present the video footage of Mr. Rumolo's deposition to the jury at trial instead of the Photos. However, Xymogen contends that "using the photographs

---

[2] Fed. R. Civ. P. 37(c)(1).

[3] *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999).

[4] *Id.*; *see also HCG Platinum, LLC v. Preferred Prod. Placement Corp.*, 873 F.3d 1191, 1203 (10th Cir. 2017) ("In making a discretionary decision, a court must present an explanation for its choice sufficient to enable a reviewing court to determine that it did not act thoughtlessly, but instead considered the factors relevant to its decision and in fact exercised its discretion.") (internal quotation marks omitted); *Gale v. Uintah Cty.*, ---F. App'x---, No. 2:13-CV-725-TC, 2017 WL 6397733, at *5 (10th Cir. Dec. 15, 2017) ("Where a district court does not consider the *Woodworker's Supply* factors, the failure to consider this criteria amounts to legal error, and we must conclude that the district court abused its discretion on that ground alone.") (internal quotation marks omitted).

in the courtroom will be much more efficient than playing minutes of videotape to show the same vials and bags of softgels."[5] The Court, therefore, agrees that the prejudice or surprise to Thorne is minimal.

Second, because the Court finds the prejudice to the party is minimal, the ability of Thorne to cure the prejudice is irrelevant. And third, because Thorne was aware of the formulations and Xymogen has the option of presenting the same material by use of a different medium, presentation of the Photos would not disrupt trial.

Regarding the final factor, Xymogen contends it acted in good faith in disclosing the Photos as soon as they were obtained. Xymogen was under the impression it would be able to obtain and present Mr. Rumolo's actual formulations. The formulations are maintained at National Vitamin Company in Nevada. In Fall 2017, Thorne sought to obtain the lab notebooks and formulations used at Dr. Rumolo's deposition. Thorne was informed that National Vitamin Company would not allow them to take the formulations, but would allow Thorne to inspect, photograph, and take video footage of the formulations. Shortly thereafter, Xymogen obtained Photos of the formulations and disclosed them to Thorne. The Court agrees that such action does not amount to bad faith, especially in light of the fact that Thorne was already aware of the formulations.

Upon consideration of each of the above-listed factors, the Court finds that admittance of the Photos into evidence would be harmless and will therefore allow Xymogen to present the Photos at trial.

---

[5] Docket No. 305, at 2.

IV.     CONCLUSION

It is therefore

ORDERED that Plaintiffs' Motion *In Limine* to Exclude Photos Not Disclosed In Discovery (Docket No. 268) is DENIED.

DATED this this 9th day of February, 2018.

BY THE COURT:

_____
Judge Ted Stewart