IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF UTAH

| | |
|---|---|
| THORNE RESEARCH, INC. and SOFTGEL FORMULATORS, INC.,<br><br>Plaintiffs,<br>vs.<br><br>XYMOGEN,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFFS' MOTION *IN LIMINE* TO EXCLUDE UNTIMELY DISCLOSED WITNESSES<br><br>CASE NO. 2:13-CV-784 TS<br>Judge Ted Stewart |

This matter is before the Court on Plaintiffs' Motion *In Limine* to Exclude Untimely Disclosed Witnesses. For the following reasons, the Court grants the Motion.

## I.  BACKGROUND

On January 21, 2018, two years after the close of discovery, Xymogen identified four witnesses for the first time—Kyra Roberts, Andres Gomez, Mark Ireland, and Robert Hawkins—as "may call" witnesses at trial.[1] Xymogen did not disclose those individuals in its Initial Pretrial Disclosures or in response to Plaintiffs' interrogatories. Plaintiffs have now filed this Motion to exclude those witnesses pursuant to Federal Rule of Civil Procedure 37(c)(1). In response, Defendant states that it will not call Ms. Roberts, Mr. Gomez, and Mr. Ireland, but requests the Court deny the Motion with respect to Mr. Hawkins.[2]

## I.  STANDARD OF REVIEW

"If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at

---

[1] Docket No. 250, at 7–8.

[2] Docket No. 312, at 1 & n.1.

1

a hearing, or at a trial, unless the failure was substantially justified or is harmless."[3] "A district court need not make explicit findings concerning the existence of a substantial justification or the harmlessness of a failure to disclose."[4] However, in exercising its discretion, the Court considers the following factors: "(1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness."[5]

## II.     DISCUSSION

There does not appear to be any dispute that Defendant violated its discovery obligations under Rule 26. Therefore, the Court must consider whether that failure was "substantially justified or is harmless" under the factors set forth in *Woodworker's Supply*. Considering these factors, the Court concludes that Defendant's failure was not substantially justified or harmless.

First, there can be no question that the late disclosure of Mr. Hawkins came as a surprise to Plaintiffs and will be prejudicial. Plaintiffs state that they do not know Mr. Hawkins, are unaware of the content of his proposed testimony, and have not had the opportunity to depose him. Defendant argues that Plaintiffs will not be prejudiced because Mr. Hawkins' testimony merely corroborates its claim that Mr. Rumolo was the true inventor. However, the fact that

---

[3] Fed. R. Civ. P. 37(c)(1).

[4] *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999).

[5] *Id.*; *see also HCG Platinum, LLC v. Preferred Prod. Placement Corp.*, 873 F.3d 1191, 1203 (10th Cir. 2017) ("In making a discretionary decision, a court must present an explanation for its choice sufficient to enable a reviewing court to determine that it did not act thoughtlessly, but instead considered the factors relevant to its decision and in fact exercised its discretion.") (quotation marks omitted); *Gale v. Uintah Cty*, --- F.App'x---, 2017 WL 6397733, *5 (10th Cir. Dec. 15, 2017) ("Where a district court does not consider the *Woodworker's Supply* factors, the failure to consider this criteria amounts to legal error, and we must conclude that the district court abused its discretion on that ground alone.") (quotation marks omitted).

Plaintiffs know of Defendant's claim is not the same as knowing what a particular witness will testify to concerning that claim.

Second, the prejudice cannot be cured without disrupting trial. While Defendant offered to make Mr. Hawkins available for deposition, it did so just days before trial when all parties are heavily engaged in trial preparations.

Third, the Court finds that allowing Mr. Hawkins to testify would disrupt trial. The parties are surely engaged in extensive trial preparations. Requiring Plaintiffs to take time away from those preparations to depose Mr. Hawkins would disrupt counsel's efforts and would reward Defendant for its dilatory conduct. Moreover, this trial is tightly scheduled. Thus, allowing for additional witnesses will likely interfere with the schedule of the parties, witnesses, the Court and, most importantly, the jury.

Finally, the Court finds no bad faith or willfulness on the part of Defendant. However, "good faith alone would not be enough to overcome the other factors."[6] While the Court finds no bad faith or willfulness, the evidence submitted shows that Defendant was made aware of Mr. Hawkins and his role as Mr. Rumolo's assistant in 2014.[7] This knowledge shows a lack of diligence on the part of Defendant. Defendant states that it did not learn of the importance of Mr. Hawkins' proposed testimony until discussions with Mr. Rumolo on December 12, 2017. However, there is no evidence that Defendant ever attempted to obtain this information previously. As a result, the Court finds that Defendant's failure is not substantially justified or harmless and will exclude Mr. Hawkins as a witness.

---

[6] *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 953–54 (10th Cir. 2002).

[7] Docket No. 315 Ex. B, at 20:18–23; *id.* at 65:4–15.

III. CONCLUSION

It is therefore

ORDERED that Plaintiffs' Motion *In Limine* to Exclude Untimely Disclosed Witnesses (Docket No. 273) is GRANTED .

DATED this 9th day of February, 2018.

BY THE COURT:

_____
Judge Ted Stewart