IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| THORNE RESEARCH, INC. and SOFTGELFORMULATORS, INC., <br><br> Plaintiffs, <br><br> v. <br><br> XYMOGEN, INC. <br><br> Defendant. | MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFFS' MOTION TO DEDESIGNATE PRIVILEGED DOCUMENT <br><br> Case No. 2:13-CV-784 TS <br><br> District Judge Ted Stewart |

This matter is before the Court on Plaintiffs' Motion to Dedesignate Privileged Document. For the reasons discussed below, the Court will grant the Motion.

I. BACKGROUND

During discovery, Defendant produced XYOMGEN_238-242. Defendant raised attorney/client and work product claims of privilege with respect to the document during the deposition of Mike Mahoney. Defendant then "clawed back" the document.

Plaintiffs sought to dedesignate the document.[1] The Magistrate Judge denied Plaintiffs' request and the Court overruled Plaintiffs' objection to the Magistrate Judge's decision.[2]

Defendant again produced the document during trial preparations and listed it as Exhibit BX on its exhibit list. Plaintiffs' counsel alerted Defendant to this and Defendant withdrew Exhibit BX as a trial exhibit. Plaintiffs now seek to dedesignate the document, arguing that Defendant has waived any privilege the document enjoyed.

---

[1] Docket No. 110.

[2] Docket Nos. 139, 151.

1

## II. DISCUSSION

Federal Rule of Evidence 502(b) provides that disclosure does not operate as a waiver if:

(1) the disclosure is inadvertent;
(2) the holder of the privilege or protection took reasonable steps to prevent disclosure; and
(3) the holder promptly took reasonable steps to rectify the error, including (if applicable) following Federal Rule of Civil Procedure 26 (b)(5)(B).[3]

In addition, courts within this circuit, including this Court, consider the following: (1) the reasonableness of the precautions to prevent inadvertent disclosure; (2) the time taken to rectify the error; (3) the scope of the discovery; (4) the extent of the disclosure; and (5) the overreaching issue of fairness.[4] Considering these factors, the Court concludes that the privilege has been waived.[5]

First, the Court finds that Defendant failed to take reasonable steps to prevent disclosure. Defendant asserts that the document was disclosed when choosing which exhibits to include on its exhibit list. Defendant states that one of its counsel, Mr. Fields, made a notation that Defendant should object to the introduction of this document should Plaintiffs attempt to introduce it. This resulted in counsel's staff including this exhibit as a trial exhibit. Defendant argues that Mr. Fields did not realize that the document had already been returned and, thus, had reason to believe that Plaintiffs might attempt to introduce it at trial.

---

[3] Fed. R. Evid. 502(b).

[4] *See Walker v. 300 S. Main, LLC*, No. 2:05-CV-442 TS, 2007 WL 3088097, at *1 (D. Utah Oct. 22, 2007); *see also Zapata v. IBP, Inc.*, 175 F.R.D. 574, 577 (D. Kan. 1997) (identifying five-factor test to determine whether inadvertent disclosure results in waiver of work product protection).

[5] The Court assumes for the sake of this Motion that Defendant's disclosure was inadvertent.

The Court finds that this explanation fails to show that Defendant took reasonable steps to prevent disclosure. Defendant claims that counsel did not realize that Plaintiffs no longer had possession of the document. This claim, however, is belied by the record wherein Plaintiffs clearly stated that they had "destroyed all copies of the document at Xymogen's request."[6] Indeed, the Court had to request Defendant produce the document for *in camera* review because Plaintiffs could not provide a copy with their motion.[7] Thus, even a cursory review of the docket would have informed counsel that Plaintiffs did not have a copy of the document. Moreover, counsel's belief that Plaintiffs may still have a copy of the document does not explain why Defendant listed the document on its exhibit list and produced the document a second time.

Second, the Court finds that Defendant did not take reasonable steps to rectify its disclosure. Defendant disclosed the exhibit on January 19, 2018. It was not until February 11, 2018, that Defendant attempted to rectify its error. And this was only done after counsel for Plaintiffs pointed out that the document had been disclosed.[8] A reasonably diligent attorney should have discovered the disclosure earlier.

Third, the scope of discovery weighs in favor of waiver. This is not a situation where a party inadvertently disclosed privileged material while producing thousands of documents in discovery. Defendants specifically disclosed the document on its trial exhibit list and indicated that it would seek introduction of the document at trial.

---

[6] Docket No. 110, at 2.
[7] Docket No. 149.
[8] Docket No. 345-2.

Fourth, the Court considers the extent of the disclosure. Plaintiffs indicate that counsel has relied on the document in preparing for depositions and has further prepared to use it for trial. These facts weigh in favor of finding that the privilege has been waived.

Finally, the Court considers fairness. "Key to the court's consideration of this factor is the relevancy of the documents."[9] As stated in the Motion, the information contained in the document is relevant to at least two issues at trial. Thus, this factor too, favors a finding of waiver.

### III. CONCLUSION

It is therefore

ORDERED that Plaintiffs' Motion to Dedesignate Privileged Document (Docket No. 343) is GRANTED.

DATED this 13th day of February, 2018.

BY THE COURT:

Ted Stewart
United States District Judge

---

[9] *Wallace v. Beech Aircraft Corp.*, 179 F.R.D. 313, 315 (D. Kan. 1998).