IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| THORNE RESEARCH, INC. and SOFTGELFORMULATORS, INC., <br><br>Plaintiffs, <br><br>v. <br><br>XYMOGEN, INC. <br><br>Defendant. | MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFFS' REQUEST FOR CURATIVE JURY INSTRUCTION AND GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO MODIFY COURT'S PROPOSED CURATIVE JURY INSTRUCTION <br><br>Case No. 2:13-CV-784 TS <br><br>District Judge Ted Stewart |

This matter is before the Court on Plaintiffs' request for a curative instruction and Defendant's Motion to Modify Court's Proposed Curative Jury Instruction. For the reasons discussed below, the Court will grant Plaintiffs' request and deny Defendant's Motion in part and deny it in part.

I. BACKGROUND

During opening statements counsel for Defendant made certain statements suggesting the jury could draw certain inferences and conclusions based on the fact that the parties intend to use Dr. Judy's deposition testimony, rather than call him as a live witness. While Plaintiffs did not object at the time, Plaintiffs timely requested a curative instruction. Defendant does not object to the Court giving an instruction on the proper weight and consideration to be given to deposition testimony, but does object to certain statements in the Court's proposed instruction.

1

## II. DISCUSSION

The decision to allow counsel to comment on a missing witnesses rests with the discretion of the Court.[1] Four factors must be present before a jury can be instructed to draw a negative inference from a party's failure to call a witness: (1) the party must have the power to produce the witness; (2) the witness must not be one who would ordinarily be expected to be biased against the pparty; (3) the witness's testimony must not be comparatively unimportant, or cumulative, or inferior to what is already utilized in the trial; and (4) the witness must not be equally available to testify for either side.[2] The party requesting the adverse inference bears "the burden to demonstrate that these criteria are satisfied."[3] "A curative instruction may be appropriate where the issue arises during closing argument or at some other time in trial and the necessary prerequisites for an adverse inference have not been established."[4]

At the time counsel made his statements during opening statements, Defendant had not presented anything to suggest it had or could meet the necessary requirements for an adverse inference. Defendant's Motion does not address these factors, nor do any of the cases cited in that Motion. Moreover, even if these factors were present, opening statements is not the appropriate time to address this issue. Thus, the Court finds that a curative instruction is appropriate here.

---

[1] *Wilson ex rel. Wilson v. Merrell Dow Pharm., Inc.*, 893 F.2d 1149, 1150 (10th Cir. 1990).

[2] *Id.* at 1150–51.

[3] *Id.* at 1151.

[4] O'Malley, Grenig, Lee, 3 Federal Jury Practice and Instruction § 104.25 (committee comments) (6th ed. 2011); *see also* Fifth Circuit Pattern Jury Instructions (Civil) § 2.9 (2009).

Defendant objects to the first and last sentences of the Court's proposed instruction, which state: "In opening statements yesterday, counsel for XYMOGEN suggested to you that you were entitled to draw certain conclusions or inferences from the fact that Dr. William Judy, the co-inventor of the '888 patent, will testify by deposition, rather than in person," and "You are instructed to disregard the comments made by counsel insofar as those comments are in conflict with this instruction." Defendant argues that these statements are unnecessary and are prejudicial. The Court disagrees. Defendant created the need for the instruction by counsel's improper and unsupported statements during openings. Further, the Court believes that its proposed instruction is a neutral statement and does not cast any unfair aspersions against counsel. However, the Court will slightly modify the last sentence to state that the jury should disregard the statements by counsel *to the extent* those comments are in conflict with the Court's instruction. This modification should ameliorate some of the concern raised by Defendant.

The Court wishes to make clear that it will not permit counsel to comment on the absence of Dr. Judy, or any other witness, in this case. In *Wilson*, the Tenth Circuit stated that it was permissible for the court to allow both parties to comment on the absence of the missing witness. "When an absent witness is equally available to both parties, either party is open to the inference that the missing testimony would have been adverse to it."[5] However, as stated, this decision rests in the discretion of the Court

While recognizing that it has the discretion to allow such statements, the Court will not exercise that discretion here. This case is similar to *Latin American Music Co. v. American*

---

[5] *Wilson* 893 F.2d at 1152.

*Society of Composers Authors and Publishers*,[6] where the First Circuit upheld the refusal to provide a missing witness instruction. There, as here, the parties presented the testimony of an individual by deposition. Both parties stipulated that the witness would appear by deposition because he resided outside the district. The deposition was videotaped and shown to the jury and the witnesses' inability to testify was explained at trial. Under these circumstances, the court held that the district court did not abuse its discretion in denying a missing witness instruction.

The same result is warranted here. The parties have both indicated they plan to present Dr. Judy's testimony through the use of his deposition. No objection has been lodged by either party to this practice. The parties have been given the opportunity to provide designations, counter-designations, and objections to those designations and counter-designations. The jurors will be shown the videotaped deposition of Dr. Judy and will be able to draw their own conclusions about his testimony. Allowing counsel to comment on Mr. Judy's absence would serve only to confuse the issues and mislead the jury.[7] Therefore, the Court will not allow the parties to comment on Mr. Judy's absence and will offer a curative instruction based on counsel's improper statement during opening statements.

III. CONCLUSION

It is therefore

ORDERED that Plaintiffs' Request for a Curative Instruction is GRANTED. It is further

ORDERED that Defendant's Motion to Modify Court's Proposed Curative Jury Instruction (Docket No. 352) is GRANTED IN PART AND DENIED IN PART.

---

[6] 593 F.3d 95 (1st Cir. 2010).

[7] *See* Fed. R. Evid. 403.

The Court will provide the following instruction:

In opening statements, counsel for Xymogen suggested to you that you were entitled to draw certain conclusions or inferences from the fact that Dr. William Judy, the co-inventor of the '888 patent, will testify by deposition, rather than in person. There are many legitimate reasons a party may not present a witness' live testimony at trial. Under some circumstances, if a witness cannot be present to testify from the witness stand, the witness' testimony may be presented, under oath, in the form of a deposition. Sometime before this trial, attorneys representing the parties in this case questioned this witness under oath. A court reporter was present and recorded the testimony. Some of the questions from the witnesses' deposition will now be presented to you. This deposition testimony is entitled to the same consideration, and is to be judged by you as to credibility and weight and otherwise considered by you insofar as possible, in the same way as if the witness had been present, and had testified from the witness stand in court. You are instructed to disregard the comments made by counsel to the extent that those comments are in conflict with this instruction.

DATED this 14th day of February, 2018.

BY THE COURT:

_____
Ted Stewart
United States District Judge