IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF UTAH

| | |
|---|---|
| THORNE RESEARCH, INC. and SOFTGEL FORMULATORS, INC., <br><br> Plaintiffs, <br><br> vs. <br><br> XYMOGEN, <br><br> Defendant. | MEMORANDUM DECISION AND ORDER DENYING PLAINTIFFS' REQUEST FOR ADDITIONAL JURY INSTRUCTION <br><br> CASE NO. 2:13-CV-784 TS <br> Judge Ted Stewart |

This matter is before the Court on Plaintiffs' Request for Additional Jury Instruction. Plaintiffs' Motion, filed two hours after jury deliberation began, requests an additional jury instruction stating, "In determining Softgel's claim of patent infringement and XYMOGEN's claim of patent invalidity, you are instructed that you are required to apply the terms of claims 1 and 5 of the '888 as construed by the Court in both instances."[1] For the following reasons, the Court denies Plaintiffs' Motion.

Plaintiffs argue that this instruction is necessary because Defendant allegedly stated in its rebuttal closing argument that the "jury may consider the evidence of Mr. Rumolo's alleged prior inventorship/co-inventorship without considering the Court's construction of the claim terms."[2] Plaintiffs argue that this is an incorrect statement of law and Defendant's suggestion that Mr. Rumolo may be considered a co-inventor without conceiving of the non-crystalline limitation is both incorrect and prejudicial.

---

[1] Docket No. 370, at 2.

[2] *Id.* at 1.

The Court disagrees. First, Mr. Rumolo may be found to be a co-inventor without having conceived of all of the elements in the '888 patent so long as he made a substantial contribution.[3] Second, the Court does not find that Defendant's rebuttal closing argument was misleading inasmuch as it clarified the fact that Mr. Rumolo's statement regarding a "crystal-free" formula was made before the Court defined "non-crystalline" in the context of claim construction. Finally, the jury has been deliberating for several hours at this point. To now hand them an additional jury instruction would be prejudicial as they may be inclined to give that instruction undue weight. For these reasons, the Court finds that Plaintiffs' additional jury instruction should not be given.

It is therefore

ORDERED that Plaintiffs' Request for Additional Jury Instruction (Docket No. 370) is DENIED.

DATED this 20th day of February, 2018.

BY THE COURT:

Judge Ted Stewart

---

[3] *See Pannu v. Iolab Corp.*, 155 F.3d 1344, 1351 (Fed. Cir. 1998) ("'Inventors may apply for a patent jointly even though (1) they did not physically work together or at the same time, (2) each did not make the same type or amount of contribution, or (3) each did not make a contribution to the subject matter of every claim of the patent.' All that is required of a joint inventor is that he or she (1) contribute in some significant manner to the conception or reduction to practice of the invention, (2) make a contribution to the claimed invention that is not insignificant in quality, when that contribution is measured against the dimension of the full invention, and (3) do more than merely explain to the real inventors well-known concepts and/or the current state of the art.") (quoting 35 U.S.C. § 116 (1994)).