IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| THORNE RESEARCH, INC. and SOFTGELFORMULATORS, INC., <br><br> Plaintiffs, <br><br> v. <br><br> XYMOGEN, INC. <br><br> Defendant. | MEMORANDUM DECISION AND ORDER ON DEFENDANT'S MOTION FOR REVIEW OF TAXATION OF COSTS <br><br> Case No. 2:13-CV-784 TS <br><br> District Judge Ted Stewart |

This matter is before the Court on Defendant's Motion for Review of Taxation of Costs. For the reasons discussed below, the Court will grant the Motion in part and deny it in part.

I.  BACKGROUND

Judgment was entered in favor of Defendant in March 2018.  Defendant sought costs in the amount of $75,333.92.  On June 24, 2020, the Clerk awarded Defendant a portion of its requested costs but disallowed nearly $40,000 in costs.  Defendant now seeks review of the Clerk's decision.

II.  STANDARD OF REVIEW

A prevailing party may recover costs under Federal Rule of Civil Procedure 54(d).  That rule allows the Court to review the action of the Clerk, who evaluates a request for costs in the first instance.  28 U.S.C. § 1920 "enumerates expenses that a federal court may tax as a cost under the discretionary authority found in Rule 54(d)."[1]  "Taxable costs are limited to relatively

---

[1] *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441–42 (1987).

1

minor, incidental expenses."[2]  "Taxable costs are a fraction of the nontaxable expenses borne by litigants for attorneys, experts, consultants, and investigators."[3]  The Supreme Court has made clear that taxable costs are only those costs allowed by statute.[4]  "A prevailing party bears the burden of establishing the amount of costs to which it is entitled."[5]  The Court reviews the Clerk's taxation of costs de novo.[6]

### III.  DISCUSSION

Defendant challenges three aspects of the Clerk's decision.  The Court will discuss each in turn.

A.   PRO HAC VICE FEES

Defendant sought $665.00 in pro hac vice fees.  The Clerk disallowed this cost, concluding that it was not authorized by § 1920.

As the Clerk correctly noted, there is a split of authority as to whether pro hac vice fees are taxable costs under 28 U.S.C. § 1920(1).[7]  The Tenth Circuit has not ruled on this issue.  However, most courts have declined to award pro hac vice fees as costs.[8]

---

[2] *Taniguchi v. Kan Pac. Saipan, Ltd.*, 566 U.S. 560, 573 (2012).

[3] *Id.*

[4] *Id.*

[5] *In re Williams Sec. Litig.–WCG Subclass*, 558 F.3d 1144, 1148 (10th Cir. 2009).

[6] *Hansen v. Sea Ray Boats*, 160 F.R.D. 166 (D. Utah 1995).

[7] *Compare Kalitta Air L.L.C v. Cent. Tex. Airborne Sys. Inc.*, 741 F.3d 955, 957–58 (9th Cir. 2013), *with Craftsmen Limousine, Inc. v. Ford Motor Co.*, 579 F.3d 894, 898 (8th Cir. 2009).

[8] *Awad v. Ziriax*, No. Civ-10-1186-M, 2014 WL 1572804, at *1 n.2 (W.D. Okla. Apr. 17, 2014) (collecting cases).

Defendant argues the Court should award it its pro hac vice fees and points to a handful of cases that have allowed recovery of such fees. None of these cases, however, provide any analysis as to whether those fees are recoverable under § 1920. Therefore, they are of little persuasive value. Defendant also argues that its pro hac vice fees should be awarded because Plaintiff chose to bring suit in Utah, requiring Defendant—a Florida corporation—to defend itself in a foreign forum. This argument might hold some weight if any of the pro hac attorneys were based in Defendant's home state of Florida; they were not. Defendant made the choice to hire California-based counsel instead of counsel in this District. Nothing about Plaintiff's choice of forum compelled this decision. Ultimately, the Court is persuaded by those courts who have concluded that pro hac vice fees are not taxable under § 1920 and will affirm the Clerk's decision on this issue.

B.   DEPOSITION EXPENSES

Defendant next takes issue with certain reductions in requested costs related to deposition transcripts. Specifically, Defendant seeks recover of videotaped deposition, appearance fees, real time/rough draft charges, and other charges.

A prevailing party may recover the costs of both videotaping and transcribing depositions, so long as each version had a legitimate use independent from the other.[9] Defendant argues, for the first time, that these charges were necessary in the event the witnesses were unavailable at trial since they were outside the Court's subpoena power.

---

[9] *Tilton v. Capital Cities/ABC, Inc.*, 115 F.3d 1471, 1478 (10th Cir. 1997); *see also Higgins v. Potter*, No. 08-2646-JWL, 2011 WL 3667097, at *3 (D. Kan. Aug. 22, 2011).

3

Defendant's argument does not withstand scrutiny as to Thomas Rumolo and Donald Steele. Given their importance, these witnesses would clearly be present at trial. Defendant's argument is more persuasive as to Trevor Jones, Robin Koon, Kent Rader, and Ronald Udell. Therefore, the Court will allow an additional $3,137.75 for those video depositions. However, Defendant has failed to demonstrate that its remaining requested costs were both taxable and necessarily incurred. Therefore, the Court will affirm the decision of the Clerk as to these costs.

C.      COPYING COSTS

Finally, Defendant seeks review of the Clerk's decision to disallow certain copying costs. Defendant sought $14,508.23 in copying costs. The Clerk allowed $1,191.28 in copying costs, concluding that Defendant had failed to meet its burden of demonstrating its copying costs were necessarily incurred rather than for the convenience of counsel. Defendant argues that it did provide sufficient documentation and that its full request for copying costs should be awarded.

Costs may be taxed for "fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case."[10] "To be recoverable, a prevailing party's . . . copy costs must be 'reasonably necessary to the litigation of the case.'"[11] "Materials produced 'solely for discovery' do not meet this threshold."[12] Similarly, "[t]he 'necessarily obtained for use in the case' standard does not allow a prevailing party to recover costs for materials that merely 'added to the convenience of counsel' or the district court."[13]

---

[10] 28 U.S.C. § 1920(4).

[11] *In re Williams Sec. Litig.-WCG Subclass*, 558 F.3d at 1148 (quoting *Mitchell v. City of Moore*, 218 F.3d 1190, 1204 (10th Cir. 2000)).

[12] *Id.* (quoting *Furr v. AT&T Techs., Inc.*, 824 F.2d 1537, 1550 (10th Cir. 1987)).

[13] *Id.* at 1147 (quoting *U.S. Indus., Inc. v. Touche Ross & Co.*, 854 F.2d 1223, 1245 (10th Cir. 1988)).

"A prevailing party bears the burden of establishing the amount of costs to which it is entitled."[14] With respect to copy costs, the burden is not a high one and a "prevailing party need not 'justify each copy' it makes."[15] "All a prevailing party must do to recoup copy costs is to demonstrate to the district court that, under the particular circumstances, the copies were 'reasonably necessary for use in the case.'"[16]

Having reviewed the material provided by Defendant de novo, the Court agrees with the Clerk's decision. While Defendant provided a spreadsheet setting out printing costs and counsel attested that they were necessarily incurred, Defendant provided no information as to what these costs entailed or why they were necessary. Even now, Defendant makes no attempt to demonstrate the necessity of these costs. Without further information, Defendant deprives Plaintiff, the Clerk, and the Court of the opportunity to conduct a meaningful review of its request. Therefore, the Court will affirm the Clerk's decision on this issue.

## IV. CONCLUSION

It is therefore

ORDERED that Defendant's Motion for Review of Taxation of Costs (Docket No. 467) is GRANTED IN PART AND DENIED IN PART. Defendant is awarded an additional $3,137.75 in costs, which shall be included in the judgment.

---

[14] *Id.* at 1148.

[15] *Id.* at 1149 (quoting *Case v. Unified Sch. Dist. No. 233*, 157 F.3d 1243, 1259 (10th Cir. 1998)).

[16] *Id.* (quoting *Touche Ross & Co.*, 854 F.2d at 1246).

DATED this 14th day of August 2020.

BY THE COURT:

_____
Ted Stewart
United States District Judge